IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHARLES A. RIPPY-BEY, )
)
           Petitioner, )
)
      v. )      1:13CV58
)
STATE OF NORTH CAROLINA, )
)
          Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a document entitled "The Moorish American National Government Legal Notice Proclamation of Status and Jurisdiction," along with a confusing mass of attachments. Even though Petitioner has not used the correct forms for a habeas corpus petition under 28 U.S.C. § 2254, it appears that Petitioner seeks to attack his state court criminal conviction.[1] The documents he has filed are not a recognizable method for achieving this goal. Instead, the proper avenue for such an attack is ordinarily a petition for habeas corpus. For this reason, the Court will construe the submission as a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1.     Petitioner has not used the required § 2254 Forms. Rule 2, R. Gov. § 2254 Cases.

---

[1] In a cover letter, Petitioner indicates that the filing is related to his previously filed case of 1:12CV1188. However, that case is closed after being dismissed. It also appears from the letter that Petitioner may be submitting this filing in order to seek reconsideration of the Judgment in 1:12CV1188 under Fed. R. Civ. P. 60(b). If so, the filing provides no proper grounds for doing so.

2. It appears that Petitioner was convicted and sentenced in the Superior Court of Catawba County, within the territorial jurisdiction of the United States District Court for the Western District of North Carolina.[2] If Petitioner wishes to pursue a habeas petition, he should seek the proper forms from the Clerk of that district and file a habeas petition there. The address is: Room 210, Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC 28202.

3. The Court notes that this is Petitioner's second filing related to "Moors" or the "Moorish American" government which appears to attack his state court conviction in this Court. This is not proper for the reasons explained in this case and in 1:12CV1188. Petitioner should not continue to make such filings in this Court. Further, Petitioner should be aware that this Court has regularly dismissed for being frivolous claims based on the fact that a plaintiff is a "Moor," "Moorish American," or of similar ethnic origin. Finally, simply claiming to be a "Moor" or a member of the "Moorish American Nation" will in no way absolve Petitioner of criminal acts for which he was convicted or provide a jurisdictional challenge to his convictions. See, e.g., Pitt-Bey v. District of Columbia, 942 A.2d 1132, 1136 (D.C. 2008) (rejecting a jurisdictional claim raised by a member of "The Nation of Moorish-Americans" based on international treaties).

Because of these pleading failures, the Petition will be filed and then dismissed, without prejudice to Petitioner filing a new petition in the correct court using the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted.[3] The Court has no authority to toll the

---

[2] Petitioner does not list the county of his conviction. However, the North Carolina of Department of Public Safety's website lists Petitioner as having been convicted of a first-degree sexual offense in Catawba County. See http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=list (search for "Charles A. Rippy" last completed on February 14, 2013).

[3] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first petition which would later trigger the prohibitions against second or successive petitions found in 28 U.S.C. § 2244(b). However, if Petitioner chooses to later submit a § 2254 petition that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2254 petition decided on its merits. Second or successive petitions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a petition. 28 U.S.C. § 2244(b). That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a petition.
(continued...)

statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this Petition.  See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001).

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition which corrects the defects of the present Petition.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be construed as a habeas petition under 28 U.S.C. § 2254 and dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.  The new petition must be accompanied by either the five dollar filing fee or a current application to proceed *in forma pauperis*.

This, the 19th day of February, 2013.

                                              /s/ L. Patrick Auld
                                              **L. Patrick Auld**
                                             **United States Magistrate Judge**

---

[3](...continued)
See generally Castro v. United States, 540 U.S. 375 (2003).  If Petitioner wishes to challenge his conviction, he must use the § 2254 forms supplied by the proper court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided.  Petitioner may also choose not to submit a petition.  Finally, if Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence.  He should not use the § 2254 forms in that instance.